AYRES, Judge.
This is an action by the Receiver of Custom Enterprises, Inc., on behalf of its creditors under the provisions of the Bulk Sales Law, LSA-R.S. 9:2961 et seq. Plaintiff alleged that the value of the property allegedly transferred to defendant without compliance with the statute exceeded $10,000.00, and accordingly sought judgment in that sum.
On trial there was judgment in plaintiff’s favor for the sum of $1,000.00. From the judgment thus rendered and signed, defendant appealed. Plaintiff answered the appeal and prayed that the judgment be amended by increasing the award to the amount originally claimed.
Custom Enterprises, Inc., was engaged in an automobile parts business under the trade name of Thompson Transmissions and, in the course of its business, had purchased a stock of parts from various persons and concerns on credit. Thereafter, Custom Enterprises, Inc., sold all or a substantial part of its stock of merchandise in bulk and out of the ordinary course of trade to defendant, Transmissions, Inc. It is conceded that no inventory of the merchandise transferred was taken, nor any notice of a proposed sale in bulk was given to the creditors of Custom Enterprises, Inc. Thus, it is not only contended but the proof establishes that the requirements of the Bulk Sales Law were not complied with.
In the course of a written opinion the court observed:
“The best evidence as to value [of the property] is the testimony of Mr. Melton [president of defendant corporation] indicating the value to be about $850.00. Since Mr. Melton concedes that he made *880 the purchase, believing that he was getting a bargain,' and Mr. Bordelon [president of Custom Enterprises, Inc.] made the sale to raise some quick cash, it is fair to assume that a fair value would be somewhat in excess of $850.00.
“I will fix the value of the goods sold at $1,000.00, . . . .”
In brief defendant contends that he received only one-third of the property he intended to purchase and therefore the judgment should be reduced to the sum of $283.33, i. e., to one-third of the sum of $850.00 admitted by him as the purchase price of the property.
 Defendant’s liability under the circumstances disclosed to exist here is limited to the value of the property purchased. LSA-R.S. 9:2963. The burden is upon the Receiver, as plaintiff, to establish the value of the property. The evidence on this point is vague, meager, and indefinite. Neither Bordelon, representing the vendor, nor Melton, representing the ven-dee, made or kept a list or inventory of the property involved in the sale.
 Melton, representing the defendant, had been engaged in a similar business with experience extending over a number of years. Based upon his knowledge of the value of the merchandise, he agreed to pay $850.00 for the property. His testimony is in accord with his answers to interrogatories propounded prior to trial. In this connection he pointed out, however, that he received, as heretofore noted, only one-third of the property purchased. This presents an affirmative defense, placing the burden upon him to establish it. It was his burden to show what portion of the property sold he did not receive and the value of such portion as would warrant a reduction of the price. This he did not attempt to do.
From Melton’s agreement on the price to be paid, his familiarity with the business and his knowledge thereof, it could not be concluded otherwise than as an expert’s minimum estimation of the property’s value. There is no substantial evidence to the contrary.
For the reasons hereinabove assigned, the principal of the award is reduced to $850.00 and, as thus amended, the judgment appealed is affirmed. Plaintiff-ap-pellee is assessed with the costs of the appeal.
Amended and affirmed.